WO                                                                                                                    MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Rion S. Price,

            Plaintiff,

v.

Mesa Police Department, et al.,

            Defendants.

No.  CV 14-02589-PHX-SPL (MHB)

**ORDER**

**I.      Procedural History**

On October 22, 2014, Plaintiff Rion S. Price, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* Complaint in the Superior Court of Maricopa County, Arizona, against Defendants Mesa Police Department, Cory McDowell, Brandon M. Lavin, Ashley L. Elliff, Joshua N. Gardner, Brandon Grissom, Kevin J. Jacobson, and Lidia P. Gonzalez.  On November 24, 2014, Defendants Mesa Police Department, Jacobson, and Elliff (the Removing Defendants), filed a Notice of Removal (Doc. 1). The Court will remand this case to the Superior Court of Maricopa County.

**II.     Remand**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction" and the burden of establishing jurisdiction is on the party asserting jurisdiction. *Id.*  Limitations on the court's jurisdiction must neither be disregarded nor

1 evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The Court is
2 obligated to determine whether it has subject matter jurisdiction. *See Valdez v. Allstate*
3 *Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* 28 U.S.C. § 1447(c) ("If at any
4 time before final judgment it appears that the district court lacks subject matter
5 jurisdiction, the case shall be remanded."); Fed. R. Civ. P. 12(h)(3) ("If the court
6 determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the
7 action.").

8 "The removal statute is strictly construed against removal jurisdiction."
9 *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). The party
10 invoking the statute bears the burden of establishing federal jurisdiction. *Id.* "The
11 presence or absence of federal-question jurisdiction is governed by the 'well-pleaded
12 complaint rule,' which provides that federal jurisdiction exists only when a federal
13 question is presented on the face of the plaintiff's properly pleaded complaint."
14 *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see California ex rel. Lockyer*,
15 375 F.3d at 838. The plaintiff is the master of the claim and "may avoid federal
16 jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. A plaintiff,
17 therefore, may choose to have a case heard in state court "by eschewing claims based on
18 federal law." *Id.* at 399. *See also California ex rel. Lockyer*, 375 F.3d at 838-39.

19 In their Notice of Removal, the Removing Defendants assert that removal is
20 "based on a claim arising under federal law" because Plaintiff alleges in the Complaint
21 that Defendants used excessive force when arresting him. Although Plaintiff does allege
22 that Defendants used "excessive force," he does not allege that his case arises under 42
23 U.S.C. § 1983, that Defendants violated his federal rights, or that his claim arises under
24 federal law.

25 "Arizona courts have long recognized that a defendant has a duty to act reasonably
26 in response to criminal conduct and that unreasonable, excessive use of force may result
27 in liability." *Sonoran Desert Investigations, Inc. v. Miller*, 141 P.3d 754, 760 (Ariz. Ct.
28 App. 2006). "An injured party may bring an action for damages arising out of allegedly

unwarranted or excessive force." *Id.* at 761.  The use of the phrase "excessive force," without more, does not create federal jurisdiction.  The Removing Defendants, therefore, have failed to meet their burden of establishing federal jurisdiction over this case.  Thus, the Court will remand this case to the Superior Court of Maricopa County.

**IT IS ORDERED:**

(1) This matter is **remanded** to the Superior Court of Maricopa County, Arizona.

(2) The Clerk of Court must mail a **certified copy** of this Order to:

> Michael K. Jeanes
> Clerk of the Superior Court
> Maricopa County, Arizona Superior Court
> 201 West Jefferson
> Phoenix, Arizona 85003-2205

(3) The Clerk of Court must close this federal case.

Dated this 18th day of December, 2014.

Honorable Steven P. Logan
United States District Judge